**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| TERRY JACOBS, et al., | Case No. 1:10-cv-536 |
| Plaintiffs, | Bertelsman, J.<br>Bowman, M.J. |
| v. | |
| LAMBDA RESEARCH, INC., et al., | |
| Defendants. | |

**MEMORANDUM ORDER**

Plaintiff/Relator Terry Jacobs (hereinafter "Relator") initiated this lawsuit pursuant to the False Claims Act, and the United States thereafter filed a Notice of Election to Decline Intervention. Despite declining to intervene, the United States remains a plaintiff for purposes of service of all documents filed in this case, and has reserved its right to intervene at a later date. (See Docs. 7, 8).

**I. Background**

Cases filed under the *qui tam* provisions of the False Claims Act are, by statute, initiated under seal. *See* 31 U.S.C. § 3730(b)(2). In the case presented, a handful of documents remain under seal, but the Notice of Election to Decline Intervention filed on April 22, 2011 and all documents filed thereafter have been filed in the public record pursuant to the order of the presiding district judge. (Doc. 8).

In August 2011, Defendants filed a motion to dismiss this case, but that motion was denied on December 20, 2011. (Doc. 24). A month later, on January 20, 2012, Defendants filed a motion seeking to place this entire record back under seal. (Doc. 26).

Both the United States and Relator Jacobs have filed responses in opposition to Defendants' motion to seal the entire case. (*See* Docs. 27, 28). In addition to the motion to seal the entire record, Defendants have filed a separate motion seeking a protective order as to specific documents, (Doc. 29), to which Relator has filed a response in opposition, (Doc. 31), and Defendants, a reply (Doc. 33).

## II. Analysis

### A. Motion to Seal Case

Defendants seek an order sealing all documents in the present record and requiring future documents to be filed under seal. In the alternative, Defendants seek an order to limit or prohibit a nonparty's remote electronic access to documents.

The basis for Defendants' motion is that this lawsuit, according to Defendants, is "retaliatory" and "a slap-suit." (Doc. 26 at 2). Defendants seek "to minimize" the allegedly adverse effect "of this scurrilous suit[1]" on the basis that if the case is not placed under seal, the Defendants "will continue to suffer direct harm as a result of the unfounded statements and allegations made by Relator, Terry Jacobs, in this and in previous litigation." (*Id.*). Defendants point out that some months prior to the initiation of this suit, Defendants obtained a civil judgment in the Hamilton County Court of Common Pleas against Jacobs and his co-defendants, jointly and severally, for misappropriation of trade secrets, in an amount in excess of 10 million dollars. However, as Relator is quick to note, that judgment is currently on appeal.

For the reasons as particularly stated in the response of the United States, and to

---

[1] Both Defendants and Relator employ language in their respective memoranda that, at times, comes close to an *ad hominem* attack. While the key *parties* in this dispute may be bitter enemies, (*see* Doc. 26 at 3), the Court expects more civility from counsel than the tenor and tone of counsel's correspondence has evidenced to date. In short, the Court reminds counsel that professionalism and civility is expected from all officers of the court.

2

a lesser degree for the reasons expressed in the response of Relator Jacobs, the Court does not find the existence of the type of extraordinary circumstances or significant interests that would justify sealing the entire record of this case. *See, generally, In re Knoxville News-Sentinel Co., Inc.,* 723 F.2d 470, 476 (6th Cir. 1983)("Only the most compelling reasons can justify non-disclosure of judicial records."); *Brown v. Advantage Engineering, Inc.,* 960 F.2d 1013, 1015-16 (11th Cir. 1992).

The Sixth Circuit has held that "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel*, 723 F.2d at 476 (citing *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983), *cert. denied,* 465 U.S. 1100 (1984)). A litigant's fear of embarrassment or harm to his reputation is simply not sufficient to overcome the strong presumption of public access. *See also Mann v. Boatright*, 477 F.3d 1140 (10th Cir. 2007); *Zurich American Ins. Co. v. Rite Aid Corp.,* 345 F. Supp.2d 497 (E.D. Pa. 2004). The "natural desire" of parties to safeguard their reputations against potentially prejudicial information "cannot be accommodated by courts without seriously undermining the tradition of an open judicial system." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179-80. Thus, ordinarily courts "should not seal records unless public access would reveal legitimate trade secrets, a recognized exception to the right of public access to judicial records." *Id*. "Simply showing that the information would harm the company's reputation is not sufficient to overcome the strong common law presumption in favor of public access to court proceeding and records." *Id.* Because Defendants have failed to satisfy their burden to show the need for sealing the entire record in this case, their motion will be denied.

**B. Defendants' Motion for Protective Order**

Defendants also have filed a motion for a protective order in order to protect trade

secrets and other confidential business records. Relator Jacobs opposes the entry of any protective order.

## 1. Background Leading to Motion for Protective Order

Presumably because Defendants originally moved to dismiss for failure to state a claim, the parties did not initially meet and confer to determine the scope of discovery, nor did they file a Rule 26(f) report with the court. However, when Judge Bertelsman denied Defendants' motion to dismiss, he simultaneously entered an abbreviated scheduling order. That order directed the parties to complete all discovery on or before December 21, 2012, and to file any dispositive motions on or before January 25, 2013. (Doc. 24). The same order further referred the case to the undersigned magistrate judge to "supervise discovery and pretrial proceedings," including establishing or extending all pretrial deadlines, and ruling on all non-dispositive motions with the exception of motions in limine.

Generally, a party may not seek discovery prior to the time that the parties have conferred under Rule 26(f), except when, as here, the parties have been authorized to proceed with discovery pursuant to a scheduling order. *See* Rule 26(d), Fed. R. Civ. P. Based on Judge Bertelsman's order, Relator Jacobs served on Defendants a set of Requests for Production of Documents on December 21, 2011, and followed up with a set of interrogatories on December 23, 2011.[2] Given Defendants' position that Relator's requests seek confidential business materials including trade secrets, defense counsel first telephonically contacted Relator's counsel with a request to seal the entire record, which Relator promptly declined. Defendants alternatively sought Relator's agreement to a

---

[2] Relator describes the discovery as "narrowly tailored" requests "seeking information...directly relevant to this case," (Doc. 31 at 1), whereas Defendants characterizes the requests as "overly broad requests [that] are no more than a fishing expedition into all matters well beyond the scope of Relator's Complaint." (Doc. 29 at 2).

4

protective order. (Doc. 31 at 2). Relator declined to agree to a protective order without first reviewing it, so Defense counsel followed up with a cover letter and draft protective order to Relator's counsel, inviting counsel to notify him "should you have any suggested changes." The January 20, 2011 letter further explained that responses to the outstanding discovery requests would be provided once Defendants had received a signed protective order. Since the discovery responses were due on January 20, the letter also requested an extension of time to respond. (Doc. 29-5).

On January 28, 2012, Relator transmitted an email suggesting that since Defendants had not filed responses to any of the discovery requests within thirty days, "Defendants have waived any and all objections to those discovery requests." (Doc. 31-1). Relator demanded that Defendants "provide complete, substantive responses without objections by February 3, 2012, or we will be forced to file a motion to compel and for sanctions." (*Id.*). On January 30, 2012, defense counsel responded, referencing counsel's prior discussions of a protective order (as well as the rebuffed request for agreement to seal the entire record), the prior request for extension of time, and the lack of any response from Relator.

Later that same day, Relator's counsel wrote again, arguing that Defendants' "mentioning the idea of a protective order on a brief telephone call is no excuse for Defendants' failure to timely respond to discovery," and complaining that Defendants' decision to send the protective order by regular mail rather than via email "is a questionable practice" which "raises questions of intent to delay discovery in this case." In his email, Relator describes Defendants' delay as "inexcusable," and reiterates his position that Defendants have "waived any and all objections" due to their failure to produce responses within thirty days. Relator's counsel closes by adamantly stating that, given

5

Relator's position that Defendants had waived all objections, "there is no reason for the entry of a stipulated protective order in this case."  (Doc. 31-3 at 1).

At 8:18 p.m. the same evening, defense counsel responded by succinctly disagreeing with the case law relied upon by Relator's counsel and the proposition that all objections had been waived, and by expressing Defendants' intention to seek a protective order from the court if Relator remained unwilling to discuss the issues "to resolve discovery disputes without the Court's involvement."   On January 31, 2012, Relator's counsel again responded, suggesting that Defendants were required to explain in detail their disagreement with Relator's assertion that objections had been waived prior to filing any motion with the court, and explaining that the reason Relator would not agree to a "blanket protective order is that it is invariably abused by the defense to make the case more complicated and costly."  (Doc. 31-5 at 1).[3]  Finally, by letter dated February 9, 2012, Relator's counsel followed up with a "second good faith attempt under Local Rule 37.1 to informally encourage Defendants' compliance with the rules," reiterating Relator's position that Defendants had waived all objections under Rules 33 and 34.  (Doc. 31-6).

### 2. Analysis

First, it must be noted that the published Civil Trial Procedures of the undersigned magistrate judge ***require*** counsel to contact the Court to request an informal telephonic conference *prior to* filing any formal discovery motion, including a motion for a protective order.  *See* www.ohsd.uscourts.gov/judges/fpbowman.htm.; *see also generally* Federal

---

[3] The Court declines to review Defendants' tendered Protective Order in detail at this time, pending further good faith negotiation of the parties.  However, as another magistrate judge observed in rejecting a similar argument, information may be designated Confidential only upon a good-faith belief that the information falls within the scope of protection permitted by the court.  *See Lattimore v. Wild Flavors, Inc.,* Covington Civil Action No. 2:09-cv-23-WOB-JGW, (Doc. 22, Memorandum Order of 10/19/09).  Protective Orders will not be sanctioned by this Court absent a provision for challenging an opposing party's designation of material as "Confidential."

6

Rule of Civil Procedure 37 and Local Rule 37.1 (requiring parties to fully exhaust good faith efforts to resolve any disputes extrajudicially prior to filing any motion).

To say that the parties have clearly gotten off on the wrong foot in initiating discovery in this case would be an understatement. While this Court lacks the power to police conduct that, while not exemplary, does not violate professional standards, the Court can and will exercise its authority to rule on discovery disputes in compliance with the Federal Rules of Civil Procedure and the Civil Procedures of the undersigned.

Based on the record presented, the Court concludes that a "reboot" of sorts is necessary in this case. Therefore, the Court will require counsel to fully comply with Rule 26(f) at this juncture, in hopes that future disputes will be mitigated by agreement on the issues listed under Rule 26(f)(3). If the parties are unable to telephonically conduct their conference and jointly file a Rule 26(f) report on or before March 19, 2012, they will be required to attend a Rule 26(f) conference in person, pursuant to Federal Rule of Civil Procedure 26(f)(2). For purposes of the joint report, the parties shall use as a model the Joint Discovery Plan form prescribed by United States District Judge Michael R. Barrett at [www.ohsd.uscourts.gov/judges](www.ohsd.uscourts.gov/judges) and are encouraged to fully address all conceivable issues.

In light of what the Court hopes will prove a fruitful Rule 26(f) conference that will resolve many preliminary discovery issues, including but not limited to issues concerning the production of ESI (see Rule 26(f)(3)(C)), the Court finds no cause to address the parties' initial dispute concerning the production of electronically stored information.

On the other hand, despite the failure of Defendants to first contact the Court telephonically, in the interest of justice and on this one occasion, the Court briefly will address the Defendants' motion for a protective order and the Relator's refusal to enter into one on the basis that it is unnecessary. In a nutshell, the Court concludes that a protective

order is both appropriate and necessary to prevent the disclosure of Defendants' asserted trade secrets and/or other proprietary and confidential business information. The Court further concludes that Defendants have not waived all objections, given the legitimate request for a protective order and request for extension of response time made to Relator within the requisite thirty-day time period. Last but not least, the Court will stay further discovery until the filing of the parties' Rule 26(f) report and the Agreed Protective Order. On March 27, 2012, following review of the parties' Rule 26(f) report, the undersigned will conduct a preliminary pretrial conference.

### III. Conclusion and Order

Accordingly, **IT IS ORDERED:**

1. All counsel shall meet and confer, and shall file a Joint Discovery Plan **on or before March 19, 2012** that includes all relevant Rule 26(f) information, using the form published at [www.ohsd.uscourts.gov.](www.ohsd.uscourts.gov.); *see also generally, Civil Pretrial Procedures published at* [www.ohsd.uscourts.gov/judges/fpbowman.htm](www.ohsd.uscourts.gov/judges/fpbowman.htm);

2. In the event that counsel are unable to jointly file a Rule 26(f) report on or before March 19, 2012, all counsel of record shall *personally appear* before the undersigned magistrate judge **at 2 p.m. on March 27, 2012.** If the parties have timely filed their Rule 26(f) report, they shall appear telephonically at the same date and time for a preliminary pretrial conference in accordance with instructions provided by the Court's deputy clerk;

3. Defendants' motion to seal this entire case (Doc. 26) is **DENIED**;

4. Defendants' motion for a protective order (Doc. 29) is **GRANTED IN PART.** Defendants are entitled to entry of a protective order prior to being required to being required to respond to the outstanding discovery requests, but the Court declines to review or enter the order tendered solely by Defendants without input from Relator and/or the

United States.  The parties shall transmit an Agreed Protective order via email to bowman_chambers@ohsd.uscourts.gov on or before March 19, 2012;

5. All discovery is **stayed** until March 27, 2012, pending adoption or modification of the parties' Rule 26(f) report.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge