```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

**CIVIL ACTION NO. 1:10cv0536 (WOB)**

**TERRY JACOBS, ET AL.**                                               **PLAINTIFFS**

**VS.**                                         <u>ORDER</u>

**LAMBDA RESEARCH, INC.,**
**ET AL.**                                                              **DEFENDANTS**

    This matter is before the Court on Defendants' Motion for an Award of Attorneys' Fees and Costs (Doc. 78), Relator's Memorandum in Opposition (Doc. 85), and Defendants' Reply in Support (Doc. 88).

    The Court has reviewed these filings carefully and concludes, consistent with its prior Memorandum Opinion and Order (Doc. 75), that sanctions against plaintiff and his counsel are warranted in this matter.

    However, the Court qualifies this conclusion as follows. First, sanctions under Fed. R. Civ. P. 11 are not appropriate because defendants did not satisfy the "safe harbor" provision of that rule.  That is, defendants' counsel's letter to plaintiff's counsel of June 20, 2013 (Doc. 52-12)[1] did not attach a proposed sanctions motion and does not cover the entire period for which sanctions are sought.  *See generally First Bank of*

---

[1] The parties agree that the date on this letter of "June 20, 2012" contains a typographical error and that the correct year of the letter is 2013.

*Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 527-28 (6th Cir. 2002); *Ridder v. City of Springfield*, 109 F.3d 288, 296-97 (6th Cir. 1997).

Second, sanctions against plaintiff Terry Jacobs will be based on the False Claims Act ("FCA") only, as 28 U.S.C. § 1927 does not authorize the imposition of sanctions on a represented party. *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 396 n.6 (6th Cir. 2009) (citing *Claiborne v. Wisdom*, 414 F.3d 715, 722-24 (7th Cir. 2005)). Against plaintiff, defendants will be awarded their reasonable attorneys' fees and expenses from the date of the filing of this action, based on the Court's findings relating to plaintiff's improper purposes in bringing his FCA claims. *See* Doc. 75 at PAGEID 1801-1804.

Third, sanctions against plaintiff's counsel, James DeRoche, will be based only on 28 U.S.C. § 1927 for unreasonably and vexatiously multiplying proceedings by pursuing these claims after a point when it should have been clear that that they were frivolous. After again reviewing the record, the Court concludes that that point could be no later than June 20, 2013, when defendants' counsel provided to Mr. DeRoche the sworn testimony of three government witnesses which was discussed at length in this Court's summary judgment opinion. *See* Doc. 75. Mr. DeRoche's liability for defendants' fees and expenses after

June 20, 2013, will be joint and several with the liability of plaintiff.

Finally, although plaintiff arguably has had the opportunity to contest the reasonableness of defendants' attorneys' fees and costs -- since he was provided with the relevant records prior to filing his response to the pending motion -- the Court will nonetheless allow briefing on that discrete issue so that the record is fully developed.[2]

Therefore, having reviewed this matter, and the Court being sufficiently advised,

**IT IS ORDERED** that:

(1) Defendants' Motion for an Award of Attorneys' Fees and Costs (Doc. 78) be, and is hereby, **GRANTED IN PART AND DENIED IN PART**, consistent with the above discussion; and

(2) **On or before January 23, 2015**, defendants shall file a renewed motion for attorneys' fees and costs in accord with this order, separately calculating the amount of sanctions to be awarded against plaintiff and his

---

[2] Plaintiff's contention that he is entitled to an evidentiary hearing on the matter of sanctions is not well founded. *See Metz v. Unizan Bank*, 655 F.3d 485, 491 (6th Cir. 2011) ("In this circuit, there is no requirement that a full evidentiary hearing be held before imposing sanctions.") (quoting *Wilson-Simmons v. Lake Cnty. Sheriff's Dep't*, 207 F.3d 818, 822 (6th Cir. 2000)).

counsel.  Response and reply times shall be governed by the Local Rules.

This 11th day of December, 2014.



Signed By:
*William O. Bertelsman*  WOB
United States District Judge